**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 05-4656**

―――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PETER ANTHONY BOND,

Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-03-168)

―――――――

Submitted: April 19, 2006          Decided: May 16, 2006

―――――――

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Noell P. Tin, TIN, FULTON, GREENE & OWEN, P.L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray Assistant United States Attorney, Asheville, North Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Peter Anthony Bond pled guilty without benefit of a plea agreement to one count of tax evasion, 26 U.S.C. § 7201 (2000), and was sentenced to a term of fifteen months imprisonment. Bond appeals his sentence, contending that the district court clearly erred in finding that the offense involved sophisticated concealment, as defined in U.S. Sentencing Guidelines Manual § 2T1.1(b)(2) (1998), and making a two-level enhancement on that basis. We affirm.

In the late 1990's, Bond set up a number of so-called "pure trusts" and transferred his money and assets into these trusts with the intent of evading income tax, as he acknowledged in connection with his guilty plea. Bond professed initially that he believed income from the trusts was not taxable. Among other things, he used money from one of the trusts to purchase a Mercedes-Benz and bought a restaurant with money from another trust. He also established a Nevada limited liability corporation which was owned by one of the trusts, and through this company bought a Cessna aircraft and attempted to buy a helicopter. In addition, Bond concealed ownership of his home by having another person buy it in the name of one of his companies. The house was then sold to Bond's brother, who rented it to him. Bond also made extensive use of credit cards which were in his administrative

- 2 -

assistant's name.  Eventually, when the charges could not be paid, she was forced to file for bankruptcy.

Prior to sentencing, Bond objected to the probation officer's recommendation for an enhancement for sophisticated concealment.  As defined in Application Note 4 to USSG § 2T1.1, "'sophisticated concealment' means especially complex or especially intricate offense conduct in which deliberate steps are taken to make the offense, or its extent, difficult to detect."  The examples provided are:  "hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore bank accounts . . . ."  (<u>Id.</u>).

At the sentencing hearing, Bond submitted several affidavits in support of his objection.  One was by a forensic accountant who opined that Bond could have taken more effective steps to hide his tax evasion, and did not seem to have made any effort to mask his involvement in the tax evasion scheme.  Another was by his attorney, who said he had advised Bond, when the North Carolina Department of Revenue was seeking to collect back taxes from Bond, that he should file amended tax returns that accurately reflected his income because a "pure trust" was not a legal tax shelter and that Bond did so.  The third affidavit was by Bond's administrative assistant, who said she helped set up the trusts, making no effort to hide Bond's involvement.  She also said that she willingly let

Bond use credit cards in her name "for business purposes," and did not consider herself a victim.

The district court's determination that Bond used sophisticated methods of concealment is reviewed for clear error. United States v. Kontny, 238 F.3d 815, 821 (7th Cir. 2001). Bond maintains that his use of "pure trusts" did not involve any concealment, and could not have been sophisticated since these trusts are marketed to many people. He asserts that his conduct, including under-reporting and concealing the amount of stock he owned in certain businesses, did not go beyond the level of concealment that is inherent in tax evasion. However, because Bond used trusts and corporations to mask his ownership of automobiles, an airplane, a restaurant, and his attempted purchase of a helicopter, we are satisfied that he tried to hide his assets and he engaged in "deliberate steps . . . to make the offense, or its extent, difficult to detect." Therefore, we conclude that the district court did not clearly err in finding that the enhancement was warranted in his case.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED